*54 Vroom.*                    Kaighn v. Friday.

For affirmance—None.

---

WILLIAM P. KAIGHN, TRUSTEE FOR THE FIVE MILE BEACH LUMBER COMPANY, BANKRUPT, DEFENDANT IN ERROR, v. MARY E. FRIDAY ET AL., PLAINTIFFS IN ERROR.

WILLIAM P. KAIGHN, TRUSTEE FOR THE FIVE MILE BEACH LUMBER COMPANY, BANKRUPT, DEFENDANT IN ERROR, v. MARIAN FOX ET AL., PLAINTIFFS IN ERROR.

WILLIAM P. KAIGHN, TRUSTEE FOR THE FIVE MILE BEACH LUMBER COMPANY, BANKRUPT, DEFENDANT IN ERROR, v. ANNIE E. ERRICKSON ET AL., PLAINTIFFS IN ERROR.

Submitted March 25, 1912—Decided November 18, 1912.

In a suit upon a mechanics' lien claim between the materialman and the owners and builder the latter testified that he had surrendered his holdings of stock in the plaintiff's company to the company in full satisfaction of the claim in suit, and that under an oral agreement between him and the company the surrender had been accepted for that purpose. This testimony was corroborated by another witness and denied by two officers of the company. *Held*, that an issue of fact upon the question of payment was thus raised and that the direction of a verdict for the defendant was error.

---

On error to the Cape May Circuit Court.

For the plaintiffs in error, *Matthew Jefferson* and *John W. Wescott.*

For the defendant in error, *Bleakly & Stockwell.*

The opinion of the court was delivered by

MINTURN, J.   These three cases involving the right of the plaintiff to recover upon mechanic's liens filed against the owners and the builders, were before this court upon another phase in *Kaighn, Trustee,* v. *Friday et al.,* reported in 48 *Vroom* 709, and as a result of that review the cases were tried anew upon a *venire de novo.* The result of the second trial is before us upon writ of error removing a judgment in favor of the plaintiff based upon the direction of a verdict by the trial court.   By a stipulation entered into between the parties the issue was limited to the question of payment, and this court, upon its previous review of the case involving a consideration of that stipulation, held that the effect was to exclude all other defences.   Upon this trial the case was tried by attempting to prove payment *inter alia* by two methods—*first,* by an adjudication in bankruptcy of the contractor, Garrison, in which proceeding the plaintiff, it was contended, sought to prove its claim against the contractor, which claim included the amount due upon these lien claims, and it was insisted that a *pro rata* payment of a share of Garrison's estate had been made to the plaintiff which should be credited upon this demand; and *secondly,* by proving actual payment by Garrison to the plaintiff by a surrender of his stock holdings in the plaintiff's company under an oral agreement with the plaintiff's officers, that the absolute surrender of the stock should cancel the indebtedness of Garrison to the plaintiff, including the amount claimed to be due upon these lien claims. To prove payment by the first method the defendants offered at the trial by consent of the parties a special plea by Garrison which was objected to as insufficient and immaterial, and the plea was overruled as though a demurrer

had been· filed thereto, and this action of the trial court is assigned as error. To prove payment in fact Garrison testified that his stock held at the time by the plaintiff as collateral security for the payment of his own indebtedness was surrendered by him to the company in full payment of his entire indebtedness to it, including the amount claimed in this controversy upon these lien claims; and that the company had accepted it as full payment in an oral agreement to that effect, entered into by Garrison and the representatives of the plaintiff in the presence of one Pharo, who also testified to the making of such an agreement in his presence. The making of this agreement was contradicted by the president and secretary of the company so that a distinct issue of fact was thus presented upon the essential issue litigated in the cause. Upon the question raised by the overruling of the plea we find it unnecessary to pass, since the plea was never entered upon the record, and forms no part of the pleadings before us.

Upon the second inquiry whether in view of the existence of a distinct issue of fact whether the surrender of the stock of Garrison had been accepted by the company in full settlement of the indebtedness litigated upon these lien claims, we think there was a controverted question of fact for the jury to determine, and that the trial court erred under the circumstances in ignoring it and directing a verdict for the plaintiff.

The judgment will be reversed and a *venire de novo* is awarded.

*For affirmance*—WHITE, J. 1.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, JJ. 11.